UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER LANNI,

    Plaintiff,

v.                                                                Case No. 8:18-cv-1184-T-CPT

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security,

    Defendant.
_____/

**O R D E R**

This cause is before the Court on the parties' cross-motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Docs. 26, 28).[1] For the reasons discussed below, the Commissioner's motion is denied, and the Plaintiff's motion is granted.

---

[1] The parties originally submitted their motions seeking judgment on the pleadings pursuant to Rule 12(c). Because their submissions incorporated materials outside of the pleadings, however, the Court converted them to motions for summary judgment as required by Rule 12(d) and offered the parties fourteen days to supplement. (Doc. 29). Neither party did so.

I.

In January 2017, the Plaintiff filed an application for Social Security Income (SSI) and was represented before the Social Security Administration (SSA) on the matter by a non-attorney employed by Disability Experts of Florida (hereinafter, Plaintiff's representative). (Doc. 11). The SSA denied the Plaintiff's application both initially and on reconsideration. *Id.* at 5; (R. 26-34).

The SSA's reconsideration determination, dated June 15, 2017, specified that the Plaintiff had sixty days from receipt to seek a hearing before an Administrative Law Judge (ALJ). (Doc. 11 at 5; R. 27). The Plaintiff, however, did not formally seek such a hearing until October 27, 2017. (R. 19). By way of a letter submitted to the SSA contemporaneously with that hearing request, the Plaintiff, through his representative, explained that he did not learn of the agency's adverse reconsideration determination until October 5, 2017. (R. 22). The Plaintiff further stated that he sent faxes to the SSA on August 2 and September 5, 2017, inquiring about the status of his claim, and that those inquiries should be deemed "a timely implied filing of an appeal." *Id.* In support of this latter assertion, the Plaintiff included copies of the two status requests with his letter (R. 24-25) and noted that the August 2 status inquiry was sent to the SSA within the sixty-day window for appealing to an ALJ. (R. 22).

On November 13, 2017, the ALJ dismissed the Plaintiff's hearing request on the grounds that it was untimely and that the Plaintiff failed to establish good cause for his delay. (R. 14-18). The ALJ found the August 2 and September 5 status

inquiries to be insufficient because "[t]he faxes ha[d] no markings indicat[ing] they were sent or received," "[t]here [wa]s no record in the evidence to show that [the faxes] were ever received," and "the faxes state[d] no grounds for appeal." (R. 17-18).

The Plaintiff, through his representative, thereafter sought review by the Appeals Council. (R. 10-12). While acknowledging he was unable to locate the fax confirmation for the August 2 status inquiry, the Plaintiff included with his submission a fax confirmation for the September 5 status request. *Id.* The Appeals Council nonetheless denied the Plaintiff's request, finding "no reason under [its] rules" to review the ALJ's decision. (R. 1-3).

The Plaintiff commenced this action in May 2018 seeking judicial review of the Commissioner's decision dismissing his SSI claim. (Docs. 1, 11). In his summary judgment motion, the Plaintiff asserts that his hearing request was timely filed and that any delay in pursuing such a hearing was justified by good cause. (Doc. 28). In her cross-motion for summary judgment, the Commissioner claims that the Appeals Council did not abuse its discretion in denying the Plaintiff's request to review the ALJ's dismissal order and that the ALJ's decision finding no good cause comports with the applicable regulations. (Doc. 26).

II.

Summary judgment is appropriate when the movant can show that there is no genuine issue of material fact and that, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law.

3

*Fennell v. Gilstrap*, 559 F.3d 1212, 1216 (11th Cir. 2009) (citing *Welding Servs., Inc. v. Forman*, 509 F.3d 1351, 1356 (11th Cir. 2007)). If the moving party shows that there is an absence of evidence to support the non-moving party's case, the non-moving party must then designate specific facts (by its own affidavits, depositions, answers to interrogatories, or admissions on file) that demonstrate there is a genuine issue for trial. *Porter v. Ray*, 461 F.3d 1315, 1320-1321 (11th Cir. 2006) (citation omitted). In doing so, the non-moving party must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value"). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . the court may grant summary judgment if the motion and supporting materials . . . show that the movant is entitled to it." Fed. R. Civ. P. 56(e).

In addition to the summary judgment standards under Rule 56, the district court's role in reviewing the Commissioner's decisions is informed by the Social Security Act. The Act provides, in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days . . . .

42 U.S.C. § 405(g). In what is known as "sentence four" of section 405(g), Congress has granted the courts "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the

Commissioner of Social Security, with or without remanding the cause for rehearing." *Id.*

Judicial review of administrative decisions under sentence four is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether she applied the correct legal standards. *See id.*; *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1305 n.2 (11th Cir. 2018) (citation omitted). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Hargress*, 883 F.3d at 1305 n.2 (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). In evaluating whether substantial evidence supports the Commissioner's decision, the Court "may not decide the facts anew, make credibility determinations, or re-weigh the evidence." *Carter v. Comm'r of Soc. Sec.*, 726 F. App'x 737, 739 (11th Cir. 2018) (citing *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)). While the court accords deference to the Commissioner's factual findings, "no such deference is given to [her] legal conclusions." *Keel-Desensi v. Berryhill*, 2019 WL 1417326, at *2 (M.D. Fla. Mar. 29, 2019) (citations omitted).

### III.

The sole issue on appeal is whether the Commissioner's decision to dismiss the Plaintiff's request for an ALJ hearing as untimely constituted an abuse of discretion. *Waters v. Massanari*, 184 F. Supp. 2d 1333, 1341 (N.D. Ga. 2001) ("All that this Court may consider . . . is whether the Appeals Council abused its discretion

in dismissing Plaintiff's tardy request for review.").[2] The Commissioner's decision is deemed an abuse of discretion if it was arbitrary or unreasonable. *Vargas v. Colvin*, 2014 WL 6384150, at *3 (S.D. Fla. Oct. 28, 2014), *report and recommendation adopted sub nom. Vargas ex rel. Acosta v. Colvin*, 2014 WL 6455366 (S.D. Fla. Nov. 13, 2014).

After careful consideration of the matter, the Court finds that the Commissioner's decision was unreasonable, and that reversal and remand is warranted.

The Court begins its analysis with an overview of the relevant Social Security Regulations (Regulations). Following an adverse reconsideration decision, a claimant may seek a *de novo* hearing before an ALJ. 20 C.F.R. § 416.1430. The SSA will conduct such a hearing if it receives a written request within sixty days after the date the claimant receives the reconsideration denial notice. *Id.* at §§ 416.1430, 416.1433(b). Under the Regulations, a rebuttable presumption exists that a claimant receives notice of such a decision five days after the date on the notice. *Id.* at § 416.1401.

The sixty-day deadline to appeal to an ALJ, however, is not inflexible. If a request for an ALJ hearing is not made within that timeframe, a claimant may still be afforded a hearing if he submits a written extension request demonstrating "good cause" for missing the deadline. *Id.* at § 416.1433(c). Of relevance here, "good cause" includes a showing that the claimant "did not receive notice of the . . .

---

[2] The Court acknowledges that the majority of the cases addressing this issue focus on the Appeals Council's decision to dismiss untimely requests for review. The Court finds no

[adverse reconsideration] decision" within the allotted timeframe. *Id.* at § 416.1411(b).

An ALJ may dismiss a hearing request if the claimant does not seek a hearing within the stated time period and has not been granted an extension for good cause. *Id.* at § 416.1457(c)(3). Like an adverse reconsideration decision, a claimant may request that the Appeals Council review such a dismissal within sixty days after a claimant receives notice of the dismissal. *Id.* at § 416.1458. The dismissal of an ALJ hearing request is binding unless vacated by an ALJ or the Appeals Council. *Id.* at § 416.1459.

In this case, as noted above, the SSA's reconsideration determination is dated June 15, 2017. (R. 27). As a result, if the rebuttable presumption regarding the Plaintiff's receipt of that decision applies, the Plaintiff had until August 19, 2017 (sixty days plus five mailing days) to file his written request for an ALJ hearing.[3]

As also noted, in his October 27, 2017, hearing request, the Plaintiff explained to the ALJ that he did not learn of the June 15, 2017, reconsideration denial until October 5, 2017, and asked that his August and September 2017 status inquiries be considered sufficient to preserve his right to a hearing. (R. 22-23). In rejecting this

---

reason, however, why the standard of review would be different for an ALJ's decision, later ratified by the Appeals Council, to dismiss an untimely request for a hearing.

[3] The Plaintiff maintains he met this August 19, 2017, deadline, arguing that the August 2, 2017, status inquiry constituted a timely filed appeal under the Regulations because it contained the boilerplate language: "If the last action was denial on Reconsideration, consider this notice our Request for Hearing." (R. 22, 24). The Court need not decide this issue, however, as it finds that the Commissioner abused her discretion in dismissing the Plaintiff's hearing request.

7

entreaty by the Plaintiff, the ALJ found that the Plaintiff failed to establish good cause for missing the deadline, stating:

> The claimant filed the request for hearing more than 65 days after the date of the notice of reconsideration determination and the claimant has not established that he did not receive this determination within 5 days of this date. Accordingly, the request for hearing was not filed within the stated time period.

(R. 17).

Implicit in the ALJ's determination is that the Plaintiff did not rebut the regulatory presumption that he (or his representative) received the June 15, 2017, notice within the five days allotted for mailing. The Appeals Council accepted the ALJ's reasoning by denying the request for review.

Based on the Court's review of the record, the Commissioner's reliance on the presumption of receipt is unsupported. As several courts (including some in this District) have found, a predicate foundation or some other showing must be made before the rebuttable presumption of receipt applies.[4] This foundation includes proof that the item in question was properly addressed, had sufficient postage, and was deposited in the mail. *Robinette*, 2017 WL 10295923, at *10; *Counts*, 2010 WL 5174498, at *9. As the court reasoned in *Counts*:

---

[4] *See, e.g., Robinette v. Comm'r of Soc. Sec.*, 2017 WL 10295923, at *10 (M.D. Fla. Nov. 14, 2017), *report and recommendation adopted*, 2018 WL 3583839 (M.D. Fla. July 26, 2018); *Pizarro v. Comm'r of Soc. Sec.*, 2013 WL 869389, at *10 (M.D. Fla. Jan. 24, 2013), *report and recommendation adopted*, 2013 WL 847331 (M.D. Fla. Mar. 7, 2013); *Counts v. Comm'r. of Soc. Sec.*, 2010 WL 5174498, at *9 (M.D. Fla. Dec. 15, 2010); *Pettway v. Barnhart*, 233 F. Supp. 2d 1354, 1361 (S.D. Ala. 2002); *McKentry v. Sec'y of Health & Human Servs.*, 655 F.2d 721, 724 (6th Cir. 1981); *Slocum v. Astrue*, 2010 WL 1418409, at *6-7 (D. Kan. Apr. 6, 2010).

> [B]efore the presumption of receipt c[an] arise[], certain necessary conditions ha[ve] to be met. . . . In other contexts, the Eleventh Circuit has recognized that "[t]he presumption of receipt arises upon proof that the item was properly addressed, had sufficient postage, and was deposited in the mail." This is critical because the record before the ALJ did not contain any evidence showing the notice had sufficient postage or that it was deposited in the mail. Accordingly, there was no evidence before the ALJ sufficient to trigger the presumption.

*Counts*, 2010 WL 5174498, at *9 (internal citations and footnote omitted).

Here, the Commissioner has not identified any evidence demonstrating that the SSA's adverse reconsideration notice was actually sent to the Plaintiff on June 15, 2017. Nor is it evident from either the ALJ's decision or the Appeals Council's denial that the SSA had or considered any proof showing that the notice was mailed on that date. Indeed, other than the dated reconsideration letter in the file, there is no evidence in the record that the item was properly addressed, had proper postage, and was deposited in the mail. As a result, in accordance with the above case authority, the Court finds that the Commissioner's reliance on the presumption of receipt was unfounded, and that her decision to dismiss the Plaintiff's hearing request was therefore unreasonable.

IV.

For the foregoing reasons, it is hereby ORDERED:

1. The Commissioner's converted motion for summary judgment (Doc. 26) is denied.

2. The Plaintiff's converted motion for summary judgment (Doc. 28) is granted.

3. The Commissioner's decision is reversed and remanded to provide the Plaintiff an opportunity for a hearing before an ALJ.

4. The Clerk is directed to enter Judgment in the Plaintiff's favor and to close the case.

5. The Court reserves jurisdiction on the matter of attorney's fees and costs pending further motion.

DONE and ORDERED in Tampa, Florida, this 30th day of May 2019.

*Christopher P. Tuite*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record